**Robert V. RAFTER, Plaintiff,**

v.

**ANGLO–IRANIAN OIL CO., LTD. and The Association of the Bar of the City of New York, by its President Louis A. Craco, Defendants.**

**No. 83 Civ. 7220 (MEL).**

United States District Court,
S.D. New York.

May 24, 1984.

Robert V. Rafter, Rye, N.Y., pro se.

Sullivan & Cromwell, New York City, for defendants; William E. Willis, New York City, of counsel.

LASKER, District Judge.

Plaintiff Robert Rafter, an attorney appearing *pro se*, filed this complaint on September 30, 1983, in which he seeks (1) to "reinstate" a prior action pursuant to Federal Rule of Civil Procedure 60(b) on the basis of newly-discovered evidence, and (2) to assert a claim for libel against the defendants. The action which Rafter seeks to reinstate was filed on November 27, 1953 in this court against Anglo-Iranian Oil Co., Ltd. ("Anglo-Iranian"), the Corporation of Lloyds ("Lloyds of London"), W.R.

Grace & Co., and Alexander Kellegrew, and asserted two causes of action under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1.[1] That complaint was dismissed as to all defendants pursuant to a stipulation executed by Rafter and Lloyds of London on September 14, 1954.

The complaint alleges that the newly-discovered evidence constituting the basis for Rule 60(b) relief consists of information contained in a file maintained by defendant Bar Association of the City of New York ("Bar Association"). The complaint states that the information would have supported Rafter's claims and was "intentionally concealed" by the Bar Association and Anglo-Iranian. The libel claim alleges that Rafter was defamed by the Bar Association's maintenance of a disciplinary file on Rafter, and that Anglo-Iranian, which at the time of the original suit was being represented by the then-president of the Bar Association Bethuel Webster, participated in the libel.

Anglo-Iranian moves to dismiss the complaint on the grounds, *inter alia*, that Rafter's request for relief under Rule 60(b) is untimely, that the allegations of the complaint are inadequate to support an independent equitable action to set aside the prior judgment, that the Court lacks subject-matter jurisdiction over the libel claim, and that the libel claim is barred by the statute of limitations. The Bar Association moves to dismiss the complaint on most of the same grounds, and on the additional grounds that the Bar Association was not a party to the original action and therefore is not properly a party in a 60(b) proceeding, and the allegedly libelous statements are absolutely privileged because they were made in the performance of the Bar Association's quasi-judicial duties regarding the discipline of attorneys. Rafter moves for summary judgment on his libel claim.

The motions to dismiss are granted. The claim for reinstatement of the 1953 action under Rule 60(b) is clearly untimely, since the grounds asserted for the claim—newly discovered evidence and fraud or misconduct of an adverse party—are grounds which must be asserted within one year of the entry of judgment. *See* Fed.R. Civ.Pr. 60(b)(2) and (3).

Moreover, even if the complaint is construed liberally as asserting an independent equitable action for relief from judgment,[2] its allegations are plainly insufficient to support such a claim. The complaint alleges at most that the defendants concealed information which plaintiff was entitled to obtain through discovery, and that the evidence would have assisted in proving plaintiff's claims. This is not a case in which it is alleged that an adverse party obtained a judgment through an elaborate fraud perpetrated at a trial or otherwise through the misuse of court processes, *cf. Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944). Here, the complaint was dismissed 30 years ago pursuant to a voluntary stipulation entered approximately 10 months after the complaint was filed. Only the most extraordinary of circumstances could justify reopening a 30-year old judgment, and such circumstances are not presented by the wholly conclusory allegations that the purportedly concealed evidence would have "prove[d] the allegations of the 1953 complaint" and "controvert[ed] the statements of witnesses."[3]

Because the first cause of action must be dismissed for the reasons just stated, the libel claim must also be dismissed for lack of subject matter jurisdiction. Accordingly, we need not address the

1. *Rafter v. Anglo-Iranian Oil Co.*, No. 89–315.

2. Rule 60(b) specifically provides that it does not limit a court's power to entertain an independent action to set aside a judgment or verdict. A claim for Rule 60(b) relief should be made by motion in the original suit; since Rafter has instead filed a new complaint, his claim

is more appropriately characterized as an independent action for relief from judgment.

3. Complaint, ¶ 10. Indeed, it is difficult to understand the reference to witnesses, since the case concededly never went to trial.

other grounds asserted in support of the motions to dismiss the libel claim.

The motions to dismiss are granted. Plaintiff's motion for summary judgment is denied.[4] The complaint is dismissed.

It is so ordered.

Dated: New York, New York

May 24, 1984

---

4. In view of the dismissal of the complaint, the Bar Association's motion to vacate a notice of deposition filed by the plaintiff is moot.